## John Winthrop v. Stephen Jarvis.

An executor may bind himself individually for a debt of the succession; and where the promise is made to pay the debt at a specified time, it is not merely an acknowledgment of the debt, but is a contract which may be enforced against him individually, although the promise be made by him in an instrument in which he describes himself as executor.

Defendant pleaded certain claims in reconvention, but evidence in support of them was excluded, on the ground that they were not connected with plaintiff's demand. *By the Court:*—We think it should have been distinctly alleged in the reconventional plea that the obligation signed by defendant was the result of a general settlement which was intended to embrace all debts and accounts between the parties. The evidence was, therefore, properly excluded.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Josephs*, for plaintiff. *Durant & Horner*, for defendant and appellant.

SLIDELL, C. J. The obligation, upon which the suit is brought, is an express promise on the part of the defendant to pay to the plaintiff the total of certain amounts acknowledged to be due to him by the defendant individually and as executor of *N. Jarvis.* The exception that the suit for that portion of the amount which was due by the succession of *Nathan Jarvis* should have been instituted against the defendant, as executor, was properly overruled. An executor may bind himself individually for a debt of the succession, and where the promise is made to pay the debt at a specified time, it is not merely an acknowledgment of the debt, but it is a contract which may be enforced against him individually, although the promise be made by him in an instrument in which he describes himself as executor.

The defendant pleaded certain claims in reconvention, but evidence in support of them was excluded upon the objection that they were not connected with the plaintiff's demand.

We think it should have been distinctly alleged in the reconventional plea, that the obligation signed by the defendant was the result of a general settlement, which was intended to embrace all debts and accounts between the parties. For want of such averment, we think the District Judge did not err in refusing to receive testimony in support of the reconventional demand.

The defendant will not be precluded from bringing his action upon the claims alleged in his plea.

Judgment affirmed, with costs.

VOORHIES, J., BUCHANAN, J., and CAMPBELL, J., concurred with SLIDELL, C. J.

OGDEN, J. (dissenting.)   I consider the defence to be, substantially, that the obligation sued on was the result of a settlement of mutual accounts between the parties, designed to embrace all their respective claims, and that through error the obligation was executed for a larger amount than was due to the plaintiff, in consequence of the omission of two items of indebtedness on the part of the plaintiff, which were unknown to defendant at the time of the settlement.   The claims on both sides were equally liquidated and demandable previous to the execution of the obligation, and the compensation, to the extent of the mutual indebtedness of the parties to each other, took effect *ipso jure.* An obligation given through error for a debt already extinguished by legal compensation may, in my opinion, be resisted by a plea in reconvention, without violating the principle which requires, that the reconventional demand should be incidental to or connected with the principal demand—being a defence to the action, it is necessarily connected with the plaintiff's demand.

For these reasons I have not been able to concur fully in the opinion just had.